J-S69025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| PAUL LEN SCHAFFER | |
| Appellant | No. 572 WDA 2017 |

Appeal from the Order March 10, 2017
in the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000569-2000

BEFORE:  BOWES, J., RANSOM, J., and STEVENS, P.J.E.<sup>*</sup>

JUDGMENT ORDER BY RANSOM, J.:     **FILED DECEMBER 12, 2017**

Appellant, Paul Len Schaffer, appeals the March 10, 2017 denial of his improperly filed "motion to modify and reduce sentence."  We affirm.

A previous panel of this Court summarized the extensive history of this case as follows:

> [Appellant] is serving an aggregate sentence of 26-52 years' imprisonment, imposed following his conviction for rape, statutory sexual assault, and related charges.  He was sentenced on June 5, 2002, at which time he was also determined to be a Sexually Violent Predator (SVP).  On appeal, this Court affirmed Schaffer's judgment of sentence, and our Supreme Court subsequently denied his petition for allowance of appeal on August 31, 2006.  **Commonwealth v. P.L.S.**, 894 A.2d 120 (Pa. Super. 2006), *appeal denied*, 906 A.2d 542 (Pa. 2006). Schaffer later unsuccessfully sought both [relief pursuant to the Post

---

<sup>*</sup> Former Justice specially assigned to the Superior Court.

Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9545] and review in the federal courts.

*See Commonwealth v. Schaffer*, 125 A.3d 446, *1 (Pa. Super. 2014) (unpublished memorandum).

The instant appeal concerns the denial of a motion Appellant filed on February, 21, 2017, seeking to modify and reduce his sentence. *See* Mot. to Modify and Reduce Sentence, 2/21/17, at ¶¶ 1-7. In this motion, Appellant purported to challenge the discretionary aspects of his sentence, claiming the court did not consider the appropriate sentencing guidelines and that his sentence was unreasonable and excessive. *Id.* The court denied Appellant's motion, as it no longer had the jurisdiction to consider Appellant's claim.

Appellant timely appealed. On April 12, 2017, the court ordered Appellant to file a statement of errors complained of on appeal within twenty-one days pursuant to Pa.R.A.P. 1925(b). The trial court has complied with Pa.R.A.P. 1925(b)(3), and the docket reflects that written notice was provided to Appellant pursuant to Pa.R.Crim.P. 114. To date, Appellant has not filed his statement.

Where a trial court orders an Appellant to file a Pa.R.A.P. 1925(b) statement, the Appellant must comply in a timely manner. *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005). Failure to comply with a Rule 1925(b) order will result in waiver of all issues raised on appeal. *Id.*; *see also Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 225 (Pa. Super. 2014); Pa.R.A.P. 1925(b)(4)(vii)

("Issues not included in the Statement and/or not raised in accordance with the provision of this paragraph (b)(4) are waived."). Further, it is the language of the trial court's order that triggers an appellant's obligation. *See In re Estate of Boyle*, 7 A.3d 674, 676 (Pa. Super. 2013). Essentially, the court must advise and appellant that 1) he/she has twenty-one days from the date of entry of the 1925(b) order to file the statement; 2) the statement should be filed of record; 3) the statement should be served on the trial judge pursuant to paragraph (b)(1); and 4) any issue not included in the statement timely filed and served will be deemed waived. *Greater Erie Indus. Development Corp.*, 88 A.3d at 225.

The record reflects that the trial court issued an order requiring Appellant to submit a Rule 1925(b) statement, that Appellant was served with this order, and that Appellant failed to file such a statement within twenty-one days of the date of that order. The order conformed with the requirements of Pa.R.A.P. 1925(b)(3)(i)-(iv). *See Greater Erie Indus. Development Corp.*, 88 A.3d at 225-26. Thus, due to Appellant's failure to submit a Rule 1925(b) statement, we conclude that any issues he wished to raise have been waived.[1]

Judgment of sentence affirmed. Jurisdiction relinquished.

---

[1] We note, separately, that Appellant's petition was not proper. Appellant's judgment of sentence became final on November 29, 2006; this petition, filed in February 2017, is long past the time the court would have jurisdiction to modify its sentence. *See* 42 Pa.C.S. § 5505.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2017